## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SCOTTY LEVON MARSHALL,

      Plaintiff,

v.                                    Case No. 2:20-cv-00353

SOUTH CENTRAL REGIONAL JAIL and
SOUTH CENTRAL REGIONAL JAIL MEDICAL,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 2).

### I. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who is proceeding *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## II.   *ALLEGATIONS IN COMPLAINT*

The instant complaint alleges that, on January 3, 2020, between 10:00 and 11:00 a.m., as Plaintiff was being escorted by correctional officers to the shower on his unit at the South Central Regional Jail ("SCRJ"), he slipped and fell in some biscuits and gravy that had spilled on the floor. (ECF No. 2 at 5). Plaintiff claims that nurses came but left him lying on the ground. (*Id.*) He was then assisted to his feet by three correctional officers and taken back to his cell. (*Id.* at 5-6). About an hour later, he was moved in a wheelchair to the medical unit, where x-rays of his left leg were taken, and it was determined that his knee was not broken. (*Id.* at 6).

3

According to his complaint, Plaintiff subsequently made several requests for an MRI of his back and knee, but those requests were refused. (*Id*. at 6). The complaint fails to identify the person(s) who allegedly denied those requests. Plaintiff names the SCRJ and SCRJ "Medical" as defendants. (*Id*. at 5). His complaint seeks compensation for pain and suffering and medical expenses, as well as injunctive relief in the form of an MRI of his knee and lower back. (*Id*. at 6).

### III.    ANALYSIS

There are several reasons that the plaintiff's complaint should be dismissed, each of which will be addressed herein.

#### A.    *Plaintiff's claim for injunctive relief is moot due to his release from custody.*

On November 16, 2020, Plaintiff filed a notice of change of address indicating that he was released from custody and providing an updated address in Point Pleasant, West Virginia. (ECF No. 4). The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged

conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.")  For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's request for injunctive relief in the form of an order that he receive an MRI must be dismissed as moot.

> B.      *Plaintiff's complaint fails to state a plausible claim for relief.*

> 1.      Claim against the SCRJ

Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.  While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a section 1983 claim, "a plaintiff must allege the violation of <u>a right secured by the Constitution and laws of the United States</u> and must show that the alleged deprivation was committed by <u>a person acting under color of state law</u>."  *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

To the extent that Plaintiff has named the SCRJ as a defendant, it is not a suable entity against whom relief can be granted.  In *Will v. Michigan Dept. of State Police*, 491

U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Moreover, while it is unclear whether Plaintiff was a pre-trial detainee or a convicted prisoner at the time in question (thus determining whether the Eighth or Fourteenth Amendment would apply to his claims), at best, the complaint appears to be asserting nothing more than negligence by the prison officials, which will not support a constitutional violation. While the Fourth Circuit has apparently not directly addressed this issue, other federal appellate courts have consistently upheld the dismissal of prison slip and fall type cases. *See, e.g., Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) (holding that slip-and-fall accidents almost never give rise to constitutional claims); *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding sua sponte dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*,

6

370 F.3d 1028, 1031 (10th Cir. 2004) (upholding dismissal at summary judgment of

Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing

water in shower, since "slippery floors constitute a daily risk faced by members of the

public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that

"slippery prison floors . . . do not state even an arguable claim for cruel and unusual

punishment.").

Plaintiff's allegations do not present any extraordinary facts to bring his slip-and-

fall accident to the level of a constitutional violation. His complaint utterly fails to plead

facts that would suggest that any SCRJ employees acted with deliberate indifference or

even negligence, which is not actionable in this federal court. Thus, the undersigned

proposes that the presiding District Judge **FIND** that the SCRJ is not suable under 42

U.S.C. § 1983 and is immune from suit in federal court under the Eleventh Amendment

and, at any rate, the complaint fails to state any plausible claim for relief against the SCRJ.

2.   Claim against the medical provider

The complaint also fails to state any plausible claim against the medical provider

at the SCRJ. Although not specifically named in the complaint, PrimeCare Medical, Inc.

("PrimeCare") is the contracted medical provider at the SCRJ. However, the complaint

does not specify the basis of his claim against the medical provider.

Nonetheless, to the extent that Plaintiff intended to name PrimeCare as a

defendant when he referred to "[SCRJ] Medical," his complaint fails to state a plausible

claim for relief because he must allege that PrimeCare was acting in accordance with an

official policy or custom that resulted in the violation of his constitutional rights. The

Fourth Circuit and other federal courts have held that "[a] private corporation [such as

PrimeCare] is liable under § 1983 . . . [only] when an official policy or custom causes the

alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999); *see also Motto v. Corr. Med. Servs.,* Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. Lexis 72436 (S.D.W. Va., Sept. 27, 2007) (Johnston, J.) (unpublished); *Price v. Corr. Med. Servs.,* Case No. 2:08-cv-00259, 2008 WL 5377779 (S.D.W. Va., Dec. 18, 2008) (Faber, J. (unpublished); *Howell v. Evans*, 922 F.2d 712, 723-34 (11th Cir. 1991); *Nelson v. Prison Health Services, Inc.*, 9991 F. Supp. 1452, 1465 (M.D. Fla. 1997). Plaintiff's complaint is completely devoid of any such allegations.

Likewise, the complaint is insufficient to state a claim against any individual PrimeCare employees, as it does not identify particular employees or describe their conduct and how it was wrongful. The complaint merely states that Plaintiff's requests for an MRI were denied. Such allegations, without more, are too conclusory to state a plausible claim for relief.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the bare and conclusory allegations in Plaintiff's complaint fails to state any plausible claims against PrimeCare or its employees. Thus, the complaint should be dismissed for failure to state a claim upon which relief can be granted against "SCRJ Medical."

## IV.    RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) and this civil action, pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States

District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

March 14, 2022

Dwane L. Tinsley
United States Magistrate Judge